UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN WALLACE, : Civil Action No. 06-5670(NLH)
et al., :
 :
    Plaintiffs, :
 :
 v. : **OPINION**
 :
FEDERAL JUDGE OF: :
UNITED STATES DISTRICT COURT, :
STATE JUDGES OF: :
COMMONWEALTH COURT OF PA, :
SUPERIOR-SHARP CORP., and :
C.K. HOBBIE, INC., :
et al., :
 :
    Defendants. :

FILED
APR 2 1 2008
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**APPEARANCES:**

John Wallace
P.O. Box 8732
Allentown, Pa 18105-8732
    *Pro se*

Virginia R. Powel, Esquire
U.S. Attorney's Office
615 Chestnut St
Suite 1250
Philadelphia, Pa 19106-4476
    *Attorney for Defendant Federal Judge of the U.S. District Court*

**HILLMAN**, District Judge, District of New Jersey[1]

This matter has come before the Court on the motion of Defendant J. Curtis Joyner, United States District Court Judge, Eastern District of Pennsylvania (hereinafter Defendant or Judge Joyner), to dismiss Plaintiffs' claims pursuant to Federal Civil

---

[1]Designated for service in the Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. § 292(b) as ordered by the Honorable Anthony J. Scirica, Chief Judge of the United States Court of Appeals for the Third Circuit.

Procedure Rule 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  Also before the Court is a motion to strike Plaintiff's "Supplemental Pleading--Addition of Defendants."  For the reasons expressed below, both motions will be granted.

## BACKGROUND

Plaintiffs, John Wallace and Margaret Wallace, husband and wife, have filed a 222 page Complaint, in addition to numerous exhibits, against a federal district court judge, Pennsylvania state court judges, and other defendants relating to an unsuccessful litigation by Margaret Wallace.  On June 13, 2005, Ms. Wallace filed a complaint in United States District Court for the Eastern District of Pennsylvania, Civil Action No. 05-2797, against Defendants Sharp Corporation ("Sharp"), C.K. Hobbie, and Superior Group for their alleged violations of her civil rights under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and Title VII.  Ms. Wallace's claims arose from an alleged on-the-job accident at the packaging and production facility of Sharp, a privately held corporation owned by Superior Group, while employed there on a temporary basis by C.K. Hobbie, a temporary personnel contractor.  Her claims also involved her subsequent termination from employment and her unsuccessful application for unemployment compensation.

Ms. Wallace's case was originally assigned to the Honorable James Knoll Gardner, who recused himself, and the case was

reassigned to the Honorable J. Curtis Joyner. On August 31, 2005, Judge Joyner dismissed Ms. Wallace's complaint. Judge Joyner also denied Ms. Wallace's motion for recusal and her motion for reconsideration of the dismissal. The Third Circuit Court of Appeals summarily affirmed on May 18, 2006 (No. 05-4973).

On December 29, 2006, the Wallaces filed this suit against Judge Joyner, state court officials who had denied the unemployment compensation claim of Ms. Wallace, and Ms. Wallace's employers. With regard to the Wallaces' claims against Defendant, it appears from the voluminous Complaint that they disagree with Defendant's rulings in, and the dismissal of, Ms. Wallace's case. In their "Claims for Injuries - Money Damages" and "Injury Table", the Wallaces seek damages of $150,000 per count for the nine counts against Defendant.

On September 13, 2007, Plaintiffs filed "Supplemental Pleading--Addition of Defendants," which adds as defendants Chief Assistant United States Attorney Virginia A. Gibson and Assistant United States Attorney Paul W. Kaufman. Ms. Gibson and Mr. Kaufman are the Assistant United States Attorneys (AUSAs) who have appeared in this case to represent Judge Joyner.

Defendant argues that Plaintiffs' Complaint against him must be dismissed under the doctrines of absolute judicial immunity and sovereign immunity. Plaintiffs contend that Defendant's motion is untimely, and therefore must be denied. A motion has

3

also been made to strike Plaintiffs' "Supplemental Pleading--Addition of Defendants." Plaintiffs have opposed this motion as well.

## DISCUSSION

### A. Jurisdiction

Because Plaintiffs have brought claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and Title VII for alleged violations of their civil rights, this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

### B. Motion to Dismiss Standard

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

In reviewing a Rule 12(b)(6) motion, a court must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider,

however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

When considering a motion to dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court must first determine whether a defendant's motion attacks the complaint as deficient on its face, or whether a defendant's motion attacks the existence of subject matter jurisdiction in fact. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Where a defendant's 12(b)(1) motion facially attacks the complaint, a court must take all allegations in the complaint as true. Id. Where, however, a defendant attacks a court's subject matter jurisdiction in fact, no presumptive truthfulness attaches to a plaintiff's allegations and the court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. Plaintiff bears the burden of proof that subject matter jurisdiction does in fact exist. Id.

### C. Whether Plaintiffs' Claims Against Defendant Should be Dismissed

Plaintiffs argue that Defendant's motion was filed at the wrong time in violation of the Federal Rules of Civil Procedure, and that they will address Defendant's substantive arguments once Defendant has properly filed his motion. The crux of Plaintiffs' argument as to the untimeliness of Defendant's motion is that because a motion to dismiss is an "answer" to a plaintiff's complaint, and Defendant filed his motion/answer before he was served with Plaintiffs' Complaint, Defendant violated the federal rules because "[e]very Complaint must be served <u>before</u> an Answer is given. This is the Right of the Plaintiff."[2]  (Pl.'s Br. at 4, ¶ 8.)

It appears from the Docket that Plaintiffs' Complaint was filed on December 29, 2006, and six summonses were issued to Plaintiffs that same day. (Docket No. 1.) Defendant's counsel accepted service of Plaintiffs' Complaint on January 3, 2007. (Docket No. 2.) On February 20, 2007, Plaintiffs filed an Amended Complaint (Docket No. 3) and new summonses were issued to Plaintiffs (Docket No. 4). Defendant filed the instant motion to dismiss on April 27, 2007. (Docket No. 5.) The Docket does not

---

[2] Although ultimately not relevant, the Court notes that a motion to dismiss is not considered an answer or responsive pleading. See <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247, 252 (3d Cir. 2007) (citation omitted) ("[A] motion to dismiss is not a responsive pleading . . . .").

6

reflect that Plaintiffs have filed any proof of service of either of their Complaints.[3]

Plaintiffs argue that Defendant's motion is premature because Defendant has not yet been served. If Plaintiffs are contending that Defendant cannot move to dismiss their Amended Complaint because they have not yet served it upon Defendant, they are theoretically correct.[4] Service of their Amended Complaint has no bearing, however, on whether Defendant can file a motion to dismiss Plaintiffs' original Complaint, service of which has been

---

[3]On March 27, 2007, Plaintiffs submitted to the District Court Clerk's Office for the Eastern District of Pennsylvania a proposed Second Amended Complaint, but it was not filed because Plaintiffs failed to seek leave of court pursuant to Federal Civil Procedure Rule 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.").

On September 13, 2007, Plaintiffs filed a "Supplemental Pleading--Addition of Defendants." This is the subject of Defendant's motion to strike, which is addressed below.

On September 10, 2007, Plaintiffs asked for the issuance of new summonses. That request is addressed in Note 4.

[4]A defendant cannot move to dismiss a complaint that is not yet served upon him because without service, the defendant conceivably would not know that claims had been filed against him. Plaintiffs, however, cannot withhold service of their Complaint so that a defendant is precluded from filing an answer or motion to dismiss. Federal Civil Procedure Rule 4(m) provides the time for service, and the Rule was implemented to be a "necessary time control" as a "check against unreasonable delay." See Henderson v. U.S., 517 U.S. 654, 662 (1996).

accepted by Defendant.[5]  Defendant is permitted pursuant to Rule 12 to file a motion to dismiss in lieu of an answer as to the Complaint that was served upon him.  The Court therefore addresses Defendant's motion to dismiss the original Complaint.

In his motion to dismiss, Defendant argues that Plaintiffs' claims against him must be dismissed because of judicial immunity and sovereign immunity.  Defendant is correct.  First, a judge is entitled to absolute immunity from civil suits for actions arising

---

[5] If Plaintiffs are contending that their original complaint was not "officially" served on Defendant, the original complaint is subject to dismissal for failure to comply with Rule 4(m), which provides, "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice to that defendant . . . ." Fed. R. Civ. P. 4(m).  The 120 day time for service expired April 29, 2007. Correspondingly, Plaintiffs have exhausted the time for service of their Amended Complaint as well.  Thus, Plaintiffs' failure to serve either of their complaints provides a separate basis for dismissal.

Apparently recognizing this problem, on September 10, 2007, Plaintiffs submitted to this Court, rather than filed with the Eastern District of Pennsylvania, which is the proper course of action, a request to have the Clerk of the Court issue them new summonses.  Plaintiffs complain that the clerk's office originally issued summonses that contained an error, and due to the assignment of their case to this Court, as well as their interlocutory appeal with regard to the assignment, the clerk's office never issued Plaintiffs the new summonses they requested.

Accepting as true Plaintiffs' contentions, this Court will direct the issuance of new summonses with regard to the Amended Complaint and the remaining defendants so that this case may move forward.  Because, however, Plaintiffs made this request seven months after the filing of their Amended Complaint--or three months after the expiration of their time to serve under Rule 4(m)--Plaintiffs shall be required to serve their Amended Complaint within 30 days of the clerk's office's issuance of the new summonses.

from his or her judicial actions. See Mireless v. Waco, 502 U.S. 9, 9-10 (1991) (explaining that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages," and that "judicial immunity is not overcome by allegations of bad faith or malice"); Pierson v. Ray, 386 U.S. 547, 553-554 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . ."). Here, all of Plaintiffs' claims against Defendant arise from his judicial actions in Ms. Wallace's case. Thus, Plaintiffs' claims against Defendant must be dismissed.

Second, in the event that Plaintiffs' *pro se* Complaint is construed to assert tort claims against Defendant in his official capacity, Defendant has moved to dismiss those claims under the doctrine of sovereign immunity.[6] A claim against a federal employee, such as a federal judge, in his official capacity must be brought against the United States rather than the individual or agency. This is because a claim against a federal employee in his official capacity is really a claim against the government. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Thus, any claims that could be construed to be against Defendant in his official capacity must be brought against the United States and not against Defendant individually. Consequently, Plaintiffs' claims against

---

[6]The Court notes that Plaintiffs' Complaint states, "Suit is not/will not be brought against any Court or Government Agency, but against their employees only." (Compl. at 5.)

9

Defendant must be dismissed under this theory as well.[7]

### D. Whether Plaintiffs' "Supplemental Pleading--Addition of Defendants" should be stricken.

On September 13, 2007, Plaintiffs filed a "Supplemental Pleading--Addition of Defendants." Plaintiffs have submitted this filing pursuant to Federal Civil Procedure Rule 15(d), which provides, in relevant part, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." This "supplemental pleading" asks that Chief Assistant United States Attorney Virginia A. Gibson and Assistant United States Attorney Paul W. Kaufman be added as defendants to their Amended Complaint.

This "supplemental pleading" must be stricken for two reasons. First, Plaintiffs have failed to file a motion for leave to file a supplemental pleading, which is a requirement of Rule 15(d). Second, even if the Court were to construe Plaintiffs' filing as a motion for leave, adding these additional defendants would be futile.

Ms. Gibson and Mr. Kaufman are the Assistant United States Attorneys (AUSAs) who have appeared in this case to represent Defendant Judge Joyner. Plaintiffs claim that in their

---

[7] Any claims against the United States are subject to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), which waives the sovereign immunity of the United States for certain torts committed by federal employees. F.D.I.C. v. Meyer, 510 U.S. 471, 475-76 (1994). The United States has not waived its sovereign immunity for an award of damages arising from alleged violations of the constitution. Id.

representation of Judge Joyner, these AUSAs have "perpetrated attorney fraud" in an attempt to have Plaintiffs' case dismissed. This claim fails, however, because the AUSAs' actions in defending Judge Joyner are protected by the judicial privilege.[8]

The judicial privilege extends to "communications which are issued in the regular course of judicial proceedings and which are pertinent and material to the redress or relief sought." General Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 311-12 (3d Cir. 2003) (citing Post v. Mendel, A.2d 351, 353 (Pa. 1986)) (other citations omitted). The Third Circuit has explained, "'[T]he privilege exists because there is a realm of communication essential to the exploration of legal claims that would be hindered were there not the protection afforded by the privilege. Without the protection of the privilege for communications necessary to such exploration, access to the courts would be impaired, witnesses would be intimidated and lawyers' efforts in

---

[8] The claims against the AUSAs also fail because they are immune from suit. See Barrett v. U.S., 798 F.2d 565, 572 (2d Cir. 1986) (citing Mitchell v. Forsyth, 472 U.S. 511 (1985); Butz v. Economou, 438 U.S. 478 (1978) ("Although government defense counsel, not having selected the other party as the target of the litigation, is in a more passive position than a prosecutor or plaintiff's representative, he nevertheless functions in an adversarial arena where 'there is, if not always a winner, at least one loser,' and since he is charged with a public trust he should not be inhibited in the faithful performance of his duties by the threat of harassing lawsuits against him. His function as a government advocate therefore entitles him to absolute immunity, which is 'necessary to assure that ... advocates ... can perform their respective functions without harassment or intimidation.'").
Additionally, as discussed above with regard to Defendant Judge Joyner's motion to dismiss, any tort claim brought against a federal employee in his official capacity must be brought against the United States rather than the individual.

pursuit of their clients causes would be chilled.'" Id. (quoting Silver v. Mendel, 894 F.2d 598, 603 (3d Cir. 1990)) (other citations omitted).  The privilege only applies to communications that are "pertinent and material to the redress or relief sought," or "essential to the exploration of legal claims in litigation." Id. (citations omitted).

It is clear that the judicial privilege applies to Plaintiffs' proposed claims against the AUSAs.  Plaintiffs claim that the AUSAs committed fraud and attempted to prejudice this Court by stating in Judge Joyner's motion to dismiss that Plaintiffs referred to the Eastern District of Pennsylvania judges as "crooked," even though Plaintiffs "never said this."  This claim arises solely out of the AUSAs' representation of Judge Joyner, and, thus, is barred.  Consequently, Plaintiffs' "Supplemental Pleading--Addition of Defendants" must be stricken.

## CONCLUSION

For the reasons expressed above, Plaintiffs' claims against the Honorable J. Curtis Joyner, United States District Court Judge, Eastern District of Pennsylvania, must be dismissed, and Plaintiffs' "Supplemental Pleading--Addition of Defendants" must be stricken.  An appropriate Order will issue.

Dated: April 17, 2008

NOEL L. HILLMAN, U.S.D.J.